UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERALD S. CHANDLER, | CASE NO. C09-5709RJB |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | Noted for June 11, 2010 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews v. Weber</u>, 423 U.S. 261 (1976).  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying an application for social security benefits.

This matter is before the court on the parties' stipulated motion to remand the matter to the administration for further consideration.  Doc. 24.  The motion states that the parties agree the matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a de novo hearing and further administrative proceedings, including, but not limited to, the following actions: the

REPORT AND RECOMMENDATION - 1

administrative law judge (ALJ) will further evaluate the severity of Plaintiff's physical and mental impairments, including bipolar disorder, post-traumatic stress disorder, and obesity; the ALJ will further evaluate the medical source opinions in the record; the ALJ will update the record with any available evidence from treating sources; the ALJ will evaluate, and include as part of the record, Dr. Mangione-Lambie's August 31, 2006 psychological/psychiatric evaluation report and Dr. Lee's August 24, 2006 physical evaluation report; the ALJ will consider the evidence submitted to the Appeals Council (Tr. 9-15, 513-560); the ALJ will further evaluate Plaintiff's subjective complaints; the ALJ will further evaluate Plaintiff's residual functional capacity; the ALJ will further evaluate Ms. Mitchell's statement (Tr. 157-165) and will provide rationale germane to the witness concerning the credibility of her statement; and, if necessary, the ALJ will obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the occupational base.

The parties further agreed that because of this stipulation for remand that Plaintiff's Motion to Supplement the Record (Doc. 15) is rendered moot and therefore should be dismissed. Dr. Mangione-Lambie's August 31, 2006 psychological/psychiatric evaluation report and Dr. Lee's August 24, 2006 physical evaluation report will be made part of the record by the Commissioner on remand.

Based on the parties' agreement, the Court should grant the stipulated motion and remand the matter to the administration for further consideration as proposed by the parties. Also, if plaintiff subsequently seeks an award of costs and fees as a prevailing party, the Court should review the file and consider directing plaintiff to pay the filing fee, which was earlier waived in accordance with Local Civil Rule Cr 3(b).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 2

objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 11, 2010**, as noted in the caption.

      DATED at this 17th day of May, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3